# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RODOLFO REYES-SANTANA,

     Petitioner,

     v.

UNITED STATES OF AMERICA,

     Respondent.

         **Civil No. 16-2989 (ADC)**
**[Related to Crim. No. 13-597-05 (ADC)]**

## <u>OPINION AND ORDER</u>

On September 10, 2015, petitioner Rodolfo Reyes-Santana (Reyes) was convicted before the Court, by guilty plea, of Conspiracy to Import Heroin, 21 U.S.C. §§ 952(1) and 963, and was sentenced to ninety-six months in prison, to be followed by five years of supervised release. *United States* v. *Reyes-Santana*, No. 13-CR-597-5 (D.P.R. Sept. 10, 2015), ECF No. 409. The Court entered the judgment on September 14, 2015. *Id*. Reyes did not appeal the judgment.

On October 18, 2016, the Court received, via the mail, Reyes' instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. **ECF Nos. 1** (the petition), **1-1** (memorandum in support of the petition), **1-2** (mailing envelope). On November 17, 2016, the Court docketed the petition. **ECF No. 1**. The Court now summarily dismisses the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

"Summary dismissal of a § 2255 petition is appropriate if it plainly appears from the face of the motion that the movant is not entitled to relief." *Carey* v. *United States*, 50 F.3d 1097, 1098

(1st Cir. 1995) (citing Rule 4(b) of the Rules Governing Section 2255 Proceedings for the U.S. District Courts). "The court must take the allegations contained in the petitioner's motion as true, except to the extent that 'they are . . . merely conclusions rather than statements of fact.'" *Id*. (quoting *Mack* v. *United States*, 635 F.2d 20, 26-27 (1st Cir. 1980)). Although "[o]ur judicial system zealously guards the attempts of pro se litigants on their own behalf," "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). For example, federal law "establishes a one-year limitations period for habeas petitions filed by prisoners in federal custody," which "period runs from 'the date on which the judgment of conviction becomes final.'" *Ramos-Martínez* v. *United States*, 638 F.3d 315, 321 (1st Cir. 2011) (quoting 28 U.S.C. § 2255(f)(1)). Where, as here, appellate review is not sought, the judgment becomes "a final judgment for habeas purposes once the deadline for filing a notice of appeal expire[s] 14 days later." *United States* v. *Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015) (citing Fed. R. App. P. 4(b)(1)(A)); *see generally Clay* v. *United States*, 537 U.S. 522, 532 (2003); *United States* v. *Ciampi*, 419 F.3d 20, 23 n.2 (1st Cir. 2005).

In this case, the Court finds that Reyes' petition is untimely. As noted above, the Court entered Reyes' underlying judgment of conviction on September 14, 2015. The unappealed judgment became final on September 28, 2015, when the deadline to appeal set forth in Federal Rule of Appellate Procedure 4(b)(1)(A) expired. *Gilbert*, 807 F.3d at 1200. Reyes' limitations period to file a habeas petition then expired, pursuant to 28 U.S.C. § 2255(f)(1), on September 28, 2016. *Ramos-Martínez*, 638 F.3d at 321. However, the Court did not receive Reyes' petition until

October 18, 2016. **ECF No. 1-2**. Even if Reyes could take advantage of the inmate-filing rule, which he cannot because he has failed to make the requisite declarations under Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the rule would not render his petition timely because, at best, the petition shows that he deposited it into his prison's internal mailing system only on or after October 11, 2016. *See* **ECF No. 1** at 6. Moreover, no reason appears in the record to equitably toll the limitations period. As a result, the Court finds that Reyes' petition warrants summary dismissal for being untimely.

In any event, it plainly appears from the face of the petition that Reyes is not entitled to relief on the merits. The petition alleges that Reyes' lawyer was ineffective assistance because the lawyer did not move the Court to postpone his sentencing until after November 1, 2015, when Amendment 794 to the Sentencing Guidelines took effect. **ECF No. 1** at 6. The Court takes judicial notice that the Sentencing Commission first published Amendment 794, which clarified the commentary to the minor-role adjustment, on May 5, 2015. 80 Fed. Reg. 25,782 (May 5, 2015). Thus, Reyes is correct that if his attorney had known of the Amendment and predicted its timely enactment, counsel could have moved the Court to postpone sentencing until afterward. *See* **ECF No. 1-1** at 1, 10. But Reyes is wrong that his lawyer's decision not to do so constituted ineffective assistance. *See id.* at 10. After all, Reyes does not contend that the Court erred in sentencing him. And, even if he had made such an allegation based on the subsequent enactment of the Amendment, the allegation would have been unavailing. *See Knight* v. *United States*, 37 F.3d 769, 772-74 (1st Cir. 1994). Instead, Reyes criticizes his attorney for failing to delay

his sentence until the Amendment, once effective, "could have provided a benefit" to him due to its "potential to reduce [his] sentence." **ECF No. 1-1** at 10. But having already sentenced Reyes to a prison term below what his plea agreement had recommended, the Court fails to see how Amendment 794 could have convinced it to impose an even lower sentence. *See* 18 U.S.C. § 3553(a).1 Since the result of counsel's alleged failure to seek a post-ponement of sentencing is "wholly speculative," Reyes cannot prove that he was prejudiced. *See Janosky* v. *St. Amand*, 594 F.3d 39, 49 (1st Cir. 2010); *see also Strickland* v. *Washington*, 466 U.S. 668, 694 (1984). Accordingly, it is quite plain that Reyes cannot succeed on the merits.

In sum, the Court hereby **DISMISSES** the petition as both untimely and meritless. *See* **ECF No. 1**. The Court also **DENIES** Reyes a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts because he has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also Jennings* v. *Stephens*, 135 S. Ct. 793, 802 (2015). The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 7th day of April, 2017.

> **S/AIDA M. DELGADO-COLÓN**
> **Chief United States District Judge**

---

1 For these reasons, the Court would also have denied Reyes' petition if it had been brought, instead, pursuant to 18 U.S.C. § 3582(c)(2).